UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACIO LOPEZ MORALES,<br><br>            Petitioner,<br><br>      v.<br><br>WARDEN, CENTRAL VALLEY ANNEX, *et al.*,<br><br>            Respondents. | Case No. 1:26-cv-03874-EJD<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: ECF Nos. 1, 2 |

This habeas action concerns the detention of Petitioner Horacio Lopez Morales, a noncitizen who has lived in the United States for twenty-eight years.  Dkt. No. 1 at 4. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. Dkt. Nos. 1, 2. For the reasons explained below, the Court GRANTS the petition and resolves the motion for a temporary restraining order as moot.

I.      BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection or admission in 1998.  Dkt. No. 1 at 4.  Since entering the United States he has started a career, gotten married, and has had children. *Id*. at 11. He has also been convicted of driving under the influence—once in 2007 and a second time in 2014. Dkt. No. 6 at 2.

Based on the record before the Court, Petitioner was not processed by immigration authorities when he first entered the United States in 1998, nor was he paroled into the country at

United States District Court
Eastern District of California

any point. See Dkt. No. 6-2 at 2–3. He does, however, have two pending applications with USCIS. On July 18, 2022, his son submitted an I-130 Petition for Alien Relative on his behalf. *Id*. at 3. He also has a pending Application to Register for Permanent Residence or Adjust Status. *Id*. Upon issuance of a warrant, Petitioner was arrested by USCIS on March 19, 20226 while attending a USCIS appointment for his pending applications. Dkt. No. 1 at 3. He is currently detained at the Central valley Annex in McFarland, California. *Id*. at 4.

Proceeding pro se, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order, arguing that his prolonged detention violates the Immigration and Nationality Act ("INA") and the due process clause of the Fifth Amendment. *Id*. at 8–9. On May 21, 2026, the Court ordered a briefing schedule and indicated that it intended to rule on the motion and petition together. Dkt. No. 5. Neither party opposed the Court ruling directly on the petition.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner brings two claims for relief. First, he argues that his "his detention is governed by 8 U.S.C. § 1226(a)[,]" which "requires that [he] be afforded a prompt and individualized bond hearing where his eligibility for release can be assessed[]" (count 1). Dkt. No. 1 at 8. Second, he argues that his prolonged detention without a bond hearing violates the due process clause of the

United States District Court
Eastern District of California

2

Fifth Amendment (count 2). *Id*. To remedy his unlawful detention, he requests that "Respondents provide Petitioner with a bond hearing before an Immigration Judge within seven (7) days[.]" Dkt. No. 8 at 5. Because Petitioner's claim regarding application of § 1226(a) (count 1), affords him the relief he seeks—i.e., a bond hearing before an immigration judge—the Court does not address Petitioner's due process claim.

In response to Petitioner's § 1226(a) claim, Respondents argue that "Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)(2)." Dkt. 6 at 1. However, in the alternative, Respondents contend that the government may also detain Petitioner under 8 U.S.C. § 1226(a), and acknowledge that, under this statute, Petitioner would be entitled to a bond hearing. *Id*.

Courts throughout this Circuit have rejected Respondents' argument that § 1225(b)(2) applies to noncitizens like Petitioner who entered the United States without inspection many years ago. *Gutierrez v. Chesnut*, No. 1:25-CV-1515 DAD AC, 2025 WL 3514495, at \*4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at \*7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at \*4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) ("The government's argument that section 1225(b)(2)(A) applies to all noncitizens present in the United States without admission is unpersuasive."); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at \*2 (S.D. Cal. Nov. 12, 2025). This Court concludes likewise, and finds that detention, bond, and release in Petitioner's case is governed by § 1226(a), which, under its implementing regulations, provides for a bond hearing. *See* 8 C.F.R. § 1236.1(d)(1) ("respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released").

Except for limited exceptions not present here, "detention under § 1225(b)(2) is considered

mandatory … [and] [i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 795 F.Supp.3d 475, 483–84 (S.D.N.Y. Aug. 13, 2025). In contrast, Section 1226 establishes "a discretionary detention framework[,]" *id*. at 484 (internal citations omitted), through which an immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge. *See* 8 C.F.R. § 1236.1(c)(8), (d)(1). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge … that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

As many courts have persuasively explained, the text, statutory scheme, and prior application of these statutes demonstrates that Section 1226—and not Section 1225—applies to noncitizens like Petitioner who have been living in the country for many years. As to the text of Section 1225, if an immigration officer "determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained[.]" 8 U.S.C. § 1225(b)(2)(A) (emphasis added). "[T]he phrase 'seeking admission' means that one must be actively 'seeking' 'lawful entry.'" *Lepe*, 801 F.Supp. 3d. at 1113. Under these terms, § 1225(b) does not apply to an individual like Petitioner who has already entered the United States and is not seeking admission but is instead "seeking to *remain* in the United States." *Id*. (emphasis in original). Regarding the statutory scheme, as the Supreme Court observed in *Jennings*, Section 1225 applies "at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible[,]" whereas Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). "Finally, the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens like Petitioner[] is consequential." *Lopez-Campos v. Raycraft*, 175 F.4th 713, 725 (6th Cir. 2026).  "The government's almost three decades of practice 'is powerful evidence that interpretating [§ 1225(b)(2)(A)] in [this] way is natural and reasonable.'" *Id*. (quoting *Abramski v.*

4

*United States*, 573 U.S. 169, 203 (2014) (Scalia, J., dissenting)).

As such, the Court concludes that since Petitioner has been residing in the United States for twenty-eight years, he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner's detention, bond, and release are governed by 8 U.S.C. § 1226(a) and its implementing regulations. As Respondents concede, Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). Dkt. No. 6 at 3.

## IV.   CONCLUSION

For the foregoing reasons, the Petition is GRANTED. Within seven (7) days of this order Respondents are directed to hold a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations. The Court declines to order Petitioner's immediate release.

**IT IS SO ORDERED.**

Dated: June 15, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California

5